**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sean Mitchell Jr., | 2:24-cv-01246-RFB-MDC |
| Plaintiff(s), | |
| vs. | **ORDER ON IFP AND COMPLAINT** |
| Timothy, *et al.*, | |
| Defendant(s). | |

Pending before the Court is *pro se* plaintiff Sean Mitchell Jr.'s *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 2) and Complaint (ECF No. 2-2). For the reasons stated below, the Court DENIES the IFP application WITHOUT PREJUDICE. The Court also orders plaintiff to file a signed amended complaint in accordance with Rule 11 of the Federal Rules of Civil Procedure.

**DISCUSSION**

**I.  IN FORMA PAUPERIS**

    **A.  Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have

the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g., Greco v. NYE Cty. Dist. Jude Robert Lane*, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), *report and recommendation adopted sub nom. Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

**B. Analysis**

Plaintiff's IFP application (ECF No. 2) contains discrepancies and is not submitted on the Court's approved form. Plaintiff submitted a District Court, Clark County, Nevada IFP application rather than the United States District Court, District of Nevada IFP application. Under LSR 1-1, an IFP application, "must be made on the form provided by the court…." The Court will give plaintiff another

opportunity to cure his deficiencies and submit the IFP application on the Court's approved form, as described below.

Plaintiff's IFP application contains discrepancies. Plaintiff states in his IFP application that he is unemployed, homeless, and that his only source of income is $291 in food stamps. ECF No. 2 at 1-2. However, plaintiff also states that he spends $40/month on utilities, $400/month on childcare, and $125/month on transportation. *Id.* at 2. Plaintiff does not explain how he is able to maintain his monthly expenses, which are almost double[1] his monthly income, and which consists solely of food stamps. The lack of explanation concerning given that plaintiff also maintains he has $0 in his checking and/or savings account. The Court is unable determine how plaintiff is able to maintain payments that far exceed his monthly income, and with no money in his accounts. Therefore, the Court will deny his IFP application without prejudice. The Court grants plaintiff leave to file the correct, Long Form IPF application approved by the Court, which may be found at the Court's website.  Plaintiff must o file a fully complete Long Form IFP application by **Monday, August 12, 2024.**

## II.  COMPLAINT

The Court notes that plaintiff failed to sign his Complaint (ECF No. 2-2). Under Rule 11 of the Federal Rules of Civil Procedure, a plaintiff who is not represented by counsel is required to sign his complaint. Fed. R. Civ. P. 11(a). Because Plaintiff did not sign the complaint, the Court cannot consider it for screening. Rule 11 provides that "omission of the signature" may be "corrected promptly after being called to the attention of the attorney or party." As such, the Court will grant plaintiff an opportunity to cure the defect. If plaintiff chooses to cure the defect, he should file the new, properly signed complaint, in the form of an amended complaint. Thus, plaintiff may not merely file a signature page.  Plaintiff is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). ("[W]hen a plaintiff files an amended

---

[1]  Plaintiff's monthly expenses total to $565/month, however, he claims he only makes $291/month in food stamps.

complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (internal citations omitted). Therefore, the Court will give plaintiff until **Monday, August 12, 2024,** to cure the defect and file an amended complaint that is properly signed by plaintiff.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's IFP application (ECF No. 2) is DENIED WITHOUT PREJUDICE.

2. Plaintiff must either pay the filing fee or submit a fully complete long-form IFP application by **Monday, August 12, 2024.**

3. Plaintiff must submit a <u>signed</u> amended complaint by **Monday, August 12, 2024.**

4. Failure to timely comply with the order may result in a recommendation that the case be dismissed.

DATED this 12th day of July 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

1 | This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file a written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.