UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sean Mitchell Jr., <br><br> Plaintiff(s), <br><br> vs. <br><br> Timothy, *et al*., <br><br> Defendant(s). | 2:24-cv-01246-RFB-MDC <br><br> **ORDER DENYING IFP AND DISMISSING AMENDED COMPLAINT** |

Pending before the Court are *pro se* plaintiff Sean Mitchell Jr.'s IFP application (ECF No. 5) and Amended Complaint (ECF No. 5-1). For the reasons stated below, the Court DENIES the IFP application and DISMISSES the Amended Complaint WITHOUT PREJUDICE.

## **DISCUSSION**

On July 10, 2024, plaintiff filed his Complaint (ECF No. 2-1) and IFP (ECF No. 2). On July 12, 2024, plaintiff's IFP application was denied, and his complaint was dismissed without prejudice. *See* ECF No. 4. Plaintiff's IFP application contained discrepancies[1] and was not submitted on the correct form. Plaintiff also failed to sign his complaint, as required by Rule 11 of the Federal Rules of Civil Procedure. Plaintiff was ordered to file a long-form IFP application on the Court's correct form and submit a signed amended complaint by August 12, 2024. On July 24, 2024, plaintiff filed a new IFP application and an amended complaint (ECF No. 5). The Court discusses its decision below.

**I. IFP APPLICATION**

   **A. Plaintiff's IFP Application Is Still Deficient**

Pursuant to LSR 1-1, an IFP application, "must be made on the form provided by the court…." Although plaintiff filed a document marked as an IFP application (ECF No. 5), plaintiff failed to comply with the Court's Order (ECF No. 4) directing plaintiff to file the IFP on a form provided by the Court.

---

[1] Plaintiff's IFP application did not explain how he was able to maintain his monthly expenses when the cost of the expenses far exceeded his monthly income.

1  Instead, plaintiff submitted what seems to read more as an objection or Motion for Reconsideration to
2  the Court's Order rather than an IFP application. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct.
3  2197, 167 L. Ed. 2d 1081 (2007) ("A document filed pro se is 'to be liberally construed[.]"). To the
4  extent that plaintiff is attempting to object to the Court's Order (ECF No. 4), he should properly mark
5  the document as an "Objection." Plaintiff does not seem to be a stranger to the objection process, as he
6  separately filed an objection (ECF No. 7)[2] to the Court Order, in addition to this "IFP Long
7  form/Appeal." To the extent that plaintiff is attempting to file a Motion for Reconsideration, the Court
8  finds his IFP application is still deficient.

Plaintiff's recent filing (ECF No. 5) reveals more discrepancies. For example, on plaintiff's previous IFP application (ECF No. 2), he reported that he has $0 in checking and or savings; however, in his new filing, plaintiff states that he has a $GO^2$ bank account which has a balance of $5 and an Experian bank account, which has a balance of $138.59. *See* ECF No. 5. Plaintiff also mentions mortgage/rent payments, however, he failed to disclose such payments on his previous IFP application. Furthermore, although plaintiff states that "[he] is not the owner of the house [he] is living in" (ECF No. 5 at 3:33-34), a public records search revealed that plaintiff may nonetheless have real property under his name. The public records search revealed that plaintiff may have a house under his name in Illinois. This seems consistent with plaintiff's statement that he is "behind on [his] mortgage payments." ECF No. 5 at 3:32-33. In light of plaintiff's failure to comply with the Court's Order and failure to cure his discrepancies, the Court DENIES his IFP application.

## II. AMENDED COMPLAINT

### A. Legal Standard

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005

---

[2] Plaintiff also filed an "objection" at ECF No. 8, however, that filing seems to be either incomplete or duplicative of ECF No. 7.

(9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

### B. Analysis

#### a. It Is Unclear Whether Plaintiff Signed The Amended Complaint

The Court previously declined to review plaintiff's Complaint (ECF No. 2-2) because plaintiff failed to sign the Complaint. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Plaintiff has submitted an Amended Complaint (ECF No. 5-1). Each page of the Amended Complaint contains plaintiff's name with the suffix "El" and what appears to be his fingerprint. As of now, the Court is unsure whether plaintiff intended for such a thing to be considered a signature, therefore the Court cannot determine whether plaintiff complied with Rule 11. However, the Court finds that there are other grounds to dismiss plaintiff's amended complaint.

#### b. Plaintiff's Amended Complaint

When a plaintiff seeks to proceed IFP, the court must screen the complaint. 28 U.S.C. § 1915(e). Section 1915(e) states that a "court shall dismiss the case at any time if the court determines that (A) the allegations of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)-(iii). Dismissal for failure to state a claim under § 1915(e) incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

### i. The Amended Complaint Does Not Comply With Rule 8

Plaintiff's Amended Complaint (ECF No. 5-1) does not provide "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plaintiff has not provided sufficient information in his Amended Complaint (ECF No. 5-1) that would give defendants the notice required under Rule 8. *See Erickson*, 551 U.S. at 93 ("Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'") (internal citations omitted). Instead, plaintiff provides a complaint that imposes an unfair burden on defendants to sift through the complaint and find a factual basis for a legally cognizable claim. *See Fitts v. Newberry*, 2023 U.S. Dist. LEXIS 132832, at *6 (N.D. Okla. Aug. 1, 2023) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants" because it is virtually impossible for the defendants to divine any factual basis for a legally cognizable claim.) (citing *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996)). The Supreme Court in *Erickson* requires "[a] document filed *pro se*…be liberally construed" and a pro se complaint, however inartfully pleaded held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. However, "[c]ourts are not required to

conjure allegations on behalf of pro se filers." *Coney v. Lozo*, 2024 U.S. Dist. LEXIS 89865, at *5 (D. Nev. May 20, 2024) (internal citations omitted). In other words, "[t]he courts cannot assume the role of advocates and create arguments never made." *Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("[A] federal court is not required to construct legal arguments for a pro se petitioner."). Plaintiff's Amended Complaint wanders between different topics, events, and circumstances, without cohesion or logic. This Court cannot and will not sift through plaintiff's amended complaint to find a legally cognizable claim, nor will it draft a cognizable claim for the plaintiff.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP Application (ECF No. 5) is DENIED WITHOUT PREJUDICE.

2. Plaintiff has until **September 6, 2024**, to file a new long-form IFP application on the Court's approved form. The IFP application must be complete, and questions cannot be left blank or simply answered with "N/A." Failure to timely comply with the Court's Order may result in a recommendation that this case be dismissed.

3. Plaintiff's Amended Complaint (ECF No. 5-1) is DISMISSED WITHOUT PREJUDICE.

4. Plaintiff has until **September 6, 2024**, to file an amended complaint that complies with Rule 8 and Rule 11 of the Federal Rules of Civil Procedure. Failure to timely comply with the Court's Order may result in a recommendation that this case be dismissed.

5. If Plaintiff chooses to file an amended complaint, he must use the approved form and write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

6. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

7.  The Clerk of Court is kindly directed to send to plaintiff the approved form for filing a civil action, instructions for the same, a copy of his Amended Complaint (ECF No. 5-1), and a copy of this Order. The Clerk of Court is also kindly directed to send to plaintiff a copy of the Court's long-form IFP application.

DATED this 8th day of August 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.