UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SEAN MITCHELL JR. | Case No. 2:24-cv-01246-RFB-MDC |
| Plaintiff, | **ORDER** |
| v. | |
| TIMOTHY, *et al.*, | |
| Defendants. | |

Before the Court for consideration are Plaintiff Sean Mitchell Jr.'s pending objections (ECF Nos. 7, 8, 10) to orders issued by the Honorable Maximiliano D. Couvillier, III, United States Magistrate Judge (ECF No. 4). For the reasons explained below, the Court overrules the objections and instructs Mr. Mitchell to file a corrected *in forma pauperis* ("IFP") application.

A district judge may designate a magistrate judge to hear and determine most pretrial matters pending before that court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The magistrate judge's order on such matters generally operates as a final determination. LR IB 1-3. Where a party timely objects to the magistrate judge's order, a district judge must review the order and "set aside any part . . . that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 950 (9th Cir. 2013) (cleaned up). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Jadwin v. Cty. of Kern, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (cleaned up).

On July 10, 2024, Mr. Mitchell initiated this action by filing an IFP application and proposed complaint. ECF No. 2. On July 12, 2024, Judge Couvillier determined that Mr. Mitchell's

1  submission failed to use the proper IFP form and contained discrepancies. ECF No. 4. In light of
2  this, Judge Couvillier ordered Mr. Mitchell to file a long-form IFP application by Monday August
3  12, 2024 ("First Order"). Id.  On July 24, 2024, Mr. Mitchell filed a submission styled "IFP Long
4  Form/Appeal" in which he objects to Judge Couvillier's statement that "it appears that the plaintiff
5  is concealing information about his income" as "opinion based." ECF No. 5. Mr. Mitchell detailed
6  certain factors impacting his financial status. Id. Mr. Mitchell also filed the instant objections,
7  which reads:

> I apologize if I misread any information for completing any form. I am currently suffering from a concussion, as I was hit by a car while I was a passenger on a bus on March 4th, 2024. This makes it hard for me to read as I can barely concentrate. For the record, I object to line 14 of document 4 page 2 of 5, as it states "it appears that the plaintiff is concealing information about his income." This is an opinion based statement. I would also like to state that the dollar is dropping in value and we are currently in inflation. I shouldn't have to list my gross payments for the last two years. I am still lacking sufficient money to live at a standard which I consider comfortable or normal in a society. I also have the right to self identify, under the Universal Declaration of Human Rights.

ECF Nos. 7-8 (cleaned up).

On August 8, 2024, Judge Couvillier issued another Order ("Second Order") finding, among other things, that Mr. Mitchell's "IFP Long Form/Appeal" should be construed as an objection and that it failed to comply with the Court's order that he filed a long-form IFP application. ECF No. 9. Judge Couvillier ordered the Clerk of Court to send Mr. Mitchell a long-form IFP application and for Mr. Mitchell to submit a completed application by September 6, 2024. Id. On August 19, 2024, Mr. Mitchell filed a submission styled "Complaint/Objections." ECF No. 10. In this submission, Mr. Mitchell argues "the Federal rules do not apply to me" and that requiring him to complete an IFP form would be an act of discrimination. Id.

First, the Court considers Mr. Mitchell's two identical objections to the First Order. Mr. Mitchell objects to Judge Couvillier making an "opinion" that his affidavit contains discrepancies. A Magistrate Judge is obliged to review the *in forma pauperis* application to ensure the petitioner is unable to pay or give security for the costs of litigation. 28 U.S.C. § 1915(a)(1); see also Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960) (requiring evaluation of poverty "with

some particularity, definiteness and certainty."); Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948) (stating that an affidavit is sufficient where it shows affiant cannot meet court costs and "still be able to provide himself and [his] dependents with the necessities of life[.]"). Indeed, federal courts have "broad discretion to deny a motion to proceed *in forma pauperis* in a civil action." O'Loughlin v. Doe, 920 F.2d 614, 616-17 (9th Cir. 1990). Judge Couvillier based finding of a discrepancy on Mr. Mitchell's sworn statements that he was homeless and only had $291 of monthly income yet reported $565 in monthly expenses and no checking or savings account. On independent review, the Court finds that Judge Couvillier's finding was supported by the facts stated in the affidavit and was reasonably relied upon to determine that there was a discrepancy. In sum, the Court finds that Judge Couvillier's First Order was neither clearly erroneous nor contrary to law. Therefore, the objections are overruled.

Second, the Court construes Mr. Mitchell's "Complaint/Objections" as an objection to Judge Couvillier's Second Order. Mr. Mitchell objects to the Court's requirements and authority over him. As a threshold matter, Mr. Mitchell alleges that as a "divine sovereign living justice" and "Moorish American National" who does not "identify . . . by the legal definition of person." Courts have routinely rejected arguments based on this ideology as wholly frivolous. See, e.g., United States v. Ward, 182 F.3d 930 (9th Cir. 1999) (rejecting criminal defendant's challenge to his conviction based on argument that district court lacked jurisdiction over him because "he is not a 'person' as defined by the United States Constitution."); Bey v. State, 847 F.3d 559, 561 (7th Cir. 2017) ("[H]e may be a Moor but—we emphasize, in the hope of staving off future such frivolous litigation—he is not a sovereign citizen. He is a U.S. citizen and therefore unlike foreign diplomats has no immunity from U.S. law."). Thus, the Court finds that, notwithstanding Mr. Mitchell's statements, he is proceeding *pro se* in this matter. Even acting *pro se*, Mr. Mitchell is still obliged to comply with all Court orders, local rules, federal rules—including deadlines. See, e.g., Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); United States v. Warren, 610 F.2d 680, 684 n.8 (9th Cir. 1980) (federal courts have jurisdiction over any party who appears before it, regardless of how appearance is effected). For the foregoing reasons, the Court finds that Judge Couvillier properly

found jurisdiction over Mr. Mitchell and the objection is overruled.

Therefore, for the foregoing reasons, **IT IS ORDERED** that Plaintiff Sean Mitchell Jr.'s pending objections (ECF Nos. 7, 8, 10) are **DENIED.** The Clerk of Court is instructed to restyle the Amended Complaint (ECF No. 8) as an objection on the docket.

**IT IS FURTHER ORDERED** that Plaintiff Sean Mitchell Jr. will either file a long-form *in forma pauperis* application, on the court-approved long-form application (which is available at https://www.nvd.uscourts.gov/court-information/forms), or pay the full filing fee on or before **April 25, 2025.** **The failure to do so will result in the summary dismissal of this action without hearing or notice with prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court will provide Plaintiff Sean Mitchell Jr. with a physical copy of the Court's Order and a physical copy of the long-form *in forma pauperis* application by U.S postage.

**DATED:** March 30, 2025.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**